## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Case No. 20-31384-11 |
|  | § |  |
| Elite Infrastructure, LLC, | § | Chapter 11 |
|  | § |  |
| *Debtor*. | § | Judge Harlin DeWayne Hale |
|  | § |  |
|  | § |  |

### LIMITED OBJECTION AND RESERVATION
### OF RIGHTS OF LAGOON WATER SOLUTIONS, LLC TO MOTION
### OF MARGARET ESTRADA AND PATRICIA FITE FOR RELIEF
### FROM THE AUTOMATIC STAY TO PURSUE CLAIM IN STATE COURT

Lagoon Water Solutions, LLC ("Lagoon") hereby files this limited objection and reservation of rights in respect of the Motion of Margaret Estrada and Patricia Fite (the "Fite Plaintiffs") for Relief from the Automatic Stay to Pursue Claim in State Court [Dkt. No. 28] (the "Lift Stay Motion"). In support, Lagoon respectfully states as follows:

### INTRODUCTION

Lagoon and the Debtor are party to a Master Service Agreement under which the Debtor has contracted to indemnify Lagoon against personal injury claims, such as those asserted by the Fite Plaintiffs in their state court lawsuit. Accordingly, Lagoon is a creditor and a party-in-interest in this case. Further, the claims of the Fite Plaintiffs against the Debtor are inextricably bound with the claims of Lagoon against the Debtor under the MSA—any judgment against Lagoon for the Fite Plaintiffs in their personal injury action will be tantamount to a judgment against the Debtor.

On August 6, 2020, Lagoon removed the lawsuit at issue in the Lift Stay Motion to the U.S. Bankruptcy Court for the Western District of Oklahoma. That court has not yet set any status conference or entered any scheduling order with respect to such lawsuit,

nor has the court adjudicated any potential motion for remand by the Fite Plaintiffs. Accordingly, Lagoon submits that ruling on the Lift Stay Motion at this juncture would be premature, given the unsettled nature of the underlying action.

Nevertheless, Lagoon does not object to the Court lifting the stay to permit the Fite Plaintiffs to continue their lawsuit in federal court under the terms set forth in the Lift Stay Motion. Lagoon expressly reserves its rights without limitation, however, to (a) seek its own stay relief to assert its indemnification rights against the Debtor if the Court lifts the stay for the Fite Plaintiffs and (b) object to any modification of the stay should the Oklahoma bankruptcy court remand the case to state court.

### BACKGROUND

### I. LAGOON'S STANDING IN THE CASE

Lagoon is a premier midstream water logistics company that provides water-related services to oil and gas producers throughout the Anadarko Basin in Oklahoma. Lagoon's principal business encompasses water transport, disposal, and recycling services. Lagoon's principal business assets comprise commercial disposal wells, extensive pipeline gathering systems, and a water recycling facility with 1.2 million barrels of storage capacity.

The Debtor performed project management and construction operations, and oversight on a turn-key basis, as a general contractor to Lagoon during the construction of a saltwater disposal well facility in Garfield County, OK. The Debtor and Lagoon are party to a certain Master Service Agreement dated September 10, 2018 (the "MSA"). The terms and conditions of the MSA govern the work and services provided to Lagoon by the

Debtor.[1]

The terms of the MSA contain broad indemnification provisions in favor of Lagoon.

The MSA specifies in relevant part:

> [Elite Infrastructure LLC] agrees to protect, defend, indemnify and hold harmless Lagoon, its officers, directors, employees or their invitees, and any working interest owner or non-operator· for whom Lagoon is obligated to perform services, from and against all claims, demands, and causes of action of every kind and character without limit and without regard to the cause or causes thereof or the negligence or fault (active or passive) of any party or parties including the joint or concurrent negligence of Lagoon, any theory of strict liability and defect of premises, or the unseaworthiness of any vessel (whether or not preexisting the date of this Contract), arising in connection herewith in favor of [Elite Infrastructure LLC]'s employees, [Elite Infrastructure LLC]'s subcontractors or their employees, or [Elite Infrastructure LLC]'s invitees on account of bodily injury, death or damage to property with the exception of consequential damages.
>
> ....
>
> [Elite Infrastructure LLC] agrees to protect, defend, indemnify and hold harmless Lagoon, its officers, directors, employees or their invitees, and any working interest owner or non-operator for whom Lagoon is performing services, from and against all claims, demands, and causes of action of every kind and character arising from the acts of [Elite Infrastructure LLC] in favor of third parties and persons not employed or contracted by [Elite Infrastructure LLC]· or Lagoon on account of bodily injury, death or damage to property.
>
> ....
>
> The indemnity provisions of this Agreement shall apply to any and all work performed, services rendered, or material supplied by [Elite Infrastructure LLC] on behalf of Lagoon whether Lagoon is acting in the capacity of an operator, non-operator or working interest owner.

MSA §§ 14(b), (d), (i).

---

[1]     A copy of the MSA is appended hereto as Exhibit A.  The MSA is an executory contract with ongoing obligations from both Lagoon and the Debtor.  As of the filing of this Objection, the Debtor has neither assumed nor rejected the MSA.

## II.     The State Court Lawsuit

On February 24, 2020, the Fite Plaintiffs filed suit against Lagoon and the Debtor in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2019-2376. (the "State Court Lawsuit"). The State Court Lawsuit alleges Lagoon operated an oil well located at 7800 East Fox Drive in Garfield County, Oklahoma. The State Court Lawsuit also alleges that, on March 4, 2019, Mr. Fite and Mr. Barraza were working on a tank battery pursuant to a work order from the Debtor, which directed Mr. Fite and his crew to add a new vent pipe to a large oil/water separator tank. The Fite Plaintiffs claim that the Debtor led Mr. Fite to believe that the tank was empty, which was not true. The State Court Lawsuit further alleges that, when Mr. Barraza began to use a torch to add a new vent pipe, combustible vapor from crude oil caused the top of the tank to explode, killing Mr. Barraza and seriously injuring Mr. Fite. As amended, the Petition also asserts that Mr. Fite died from his injuries some months later. The Fite Plaintiffs assert claims for negligence and/or recklessness against the Debtor and Lagoon and seek damages, including punitive damages.

Lagoon denies any culpability under any of the allegations in the State Court Lawsuit. Nevertheless, taking the Petition at its face, the Fite Plaintiffs allege that Mr. Fite and Mr. Barraza were conducting work pursuant to a Work Order from the Debtor when the explosion occurred. As at the time of the incident, Mr. Fite and Mr. Barraza were either employees, subcontractors or employees of a subcontractor, or an invitee of the Debtor. Accordingly, injuries and damages resulting from the explosion are events squarely within the indemnification obligations owed by the Debtor to Lagoon under the terms of the MSA.

### III.   Removal to Federal Court

On August 6, 2020, Lagoon removed the State Court Lawsuit to the U.S. Bankruptcy Court for the Western District of Oklahoma (the "Oklahoma Bankruptcy Court") pursuant to 28 U.S.C. §§ 1334(b) and 1452, Western District of Oklahoma Local Rule 81.3, and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 9027.  A copy of the removal notice and certain of the related exhibits is attached hereto as <u>Exhibit B</u>.

A<small>RGUMENT</small>

## I.  As a Creditor in this Case, Lagoon Has Standing to Object to the Lift Stay Motion

Bankruptcy Code § 1109(b) sets forth in relevant part that "[a] party in interest, including . . . a creditor . . . may raise and may appear and be heard on any issue in a case under this chapter." The term "creditor" is not limited to those who have formally asserted their proof of claims in a bankruptcy case.  *See* Bankruptcy Code § 101(10)(A) (defining "creditor" as simply an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor").  *In re Sapphire Dev., LLC*, 523 B.R. 1, 5 (D. Conn. 2014).

Lagoon is a creditor of the Debtor by virtue of the indemnity obligations owed by the Debtor to Lagoon pursuant to the MSA.  Moreover, Lagoon's rights both as a creditor in this case and as a defendant in the Fite Plaintiffs' lawsuit (the "Action") are affected by the extent to which the Action is permitted to proceed.  Therefore, Lagoon has standing to object to the Lift Stay Motion.

## II.  Lagoon's Limited Objection and Reservation of Rights

In their Motion, the Fite Plaintiffs requested that the Court modify the automatic stay to permit them to continue the State Court Lawsuit before the District Court of

5

Oklahoma County, Oklahoma (the "State Court"). As set forth above, Lagoon has removed the case to the Oklahoma Bankruptcy Court, rendering the specific relief requested in the Lift Stay Motion moot.

The Oklahoma Bankruptcy Court has not yet scheduled any status conference, entered any order regarding case proceedings, or otherwise addressed any potential motion for remand that may be brought by the Fite Plaintiffs. Accordingly, Lagoon submits that it is premature for the Court to determine whether to lift the automatic stay as the Fite Plaintiffs request while the disposition of Action remains unsettled.

The claims of the Fite Plaintiffs against the Debtor are inextricably bound with the claims of Lagoon against the Debtor under the MSA—any judgment in the Action against Lagoon will be tantamount to a judgment against the Debtor. Nevertheless, Lagoon does not object to the Court lifting the stay to permit the Fite Plaintiffs to continue the Action in federal court under the terms set forth in the Lift Stay Motion. Lagoon expressly reserves the right, however, to (a) seek its own stay relief to assert its indemnification rights against the Debtor if the Court lifts the stay for the Fite Plaintiffs and (b) object to any modification of the stay should the Oklahoma Bankruptcy Court remand the case to the State Court.

## III. Adequate Protection Statement Under Local Bankruptcy Rule 4001-1(b)

Local Bankruptcy Rule 4001-1(b) requires that any response to a motion to lift the automatic stay include a "detailed and comprehensive statement as to how the movant can be 'adequately protected' if the stay is to be continued.

It is not clear that the Fite Plaintiffs require adequate protection based upon the facts alleged in the Lift Stay Motion. The Fite Plaintiffs are among numerous unsecured creditors of the bankruptcy estate, and the Fite Plaintiffs make no allegation of any special

harm or special interest placed at risk by the automatic stay in the Lift Stay Motion.

Nevertheless, the Fite Plaintiffs' interests and those of creditors such as Lagoon could be adequately protected by limiting the Fite Plaintiffs' aggregate recoveries (if any) in the Action to the aggregate limit of available insurance proceeds as a condition to stay relief. Such a limitation would permit the Fite Plaintiffs to proceed in the Action without placing estate assets at risk and without unduly prejudicing Lagoon. Lagoon and the Fite Plaintiffs have discussed the possibility of such a framework on a consensual basis, and Lagoon remains open to cooperative discussions to resolve these matters equitably.

Respectfully Submitted,

**MCGUIREWOODS LLP**

/s/ *Thomas M. Farrell*

Thomas M. Farrell
State Bar No. 06839250
JPMorgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002
Telephone: 713.571.9191
Email: tfarrell@mcguirewoods.com

***Counsel for Lagoon***

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 11th day of August, 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

<u>/s/ *Thomas M. Farrell*_____</u>

## **Exhibit A**

Master Service Agreement

## MASTER SERVICE AGREEMENT

THIS MASTER SERVICE AGREEMENT (this "Agreement") is made, effective as of the date last written below, by and between **LAGOON WATER LOGISTICS, LLC and any present or future subsidiaries or affiliates named directly or indirectly (herein collectively "Lagoon") and** Elite Infrastructure, LLC                                      **("Contractor").**

1.      SCOPE OF AGREEMENT. It is contemplated that from time to time Contractor will be requested by Lagoon to perform certain work and services ("Work") for Lagoon. Lagoon shall not be obligated to request Contractor to perform any Work and Contractor shall not be obligated to accept Lagoon's requests to perform Work, but it is expressly understood and agreed that any and all Work requested by Lagoon and accepted by Contractor shall be controlled and governed by the provisions of this Agreement.

2.      PAYMENT. The amount of compensation payable to Contractor shall be that agreed to by Lagoon and Contractor at the time the request for Work is accepted, but in no event shall the compensation be greater than that normally charged by Contractor for similar work or services. All invoices for Work completed shall be submitted to Lagoon within ninety (90) calendar days of the date such Work was completed. If any invoice for Work completed is submitted to Lagoon after ninety (90) calendar days, the invoice shall be deemed of no force and effect, and Lagoon shall be fully released from the obligation to remit payment for such Work. Payments to Contractor may be withheld in whole or in part by Lagoon if Lagoon determines that (i) the withholding is necessary to protect Lagoon from claims or losses due to Contractor's failure to comply with this Agreement or (ii) Contractor's failure to furnish proof satisfactory to Lagoon showing that all bills for material and labor have been fully paid by Contractor and that the premises are not subject to any liens or claims of liens.

3.      AUDIT. Contractor and its subcontractors shall keep a true and correct set of records pertaining to all Work performed under this Agreement, including supporting documentation and any payments or gifts made to Lagoon's employees and/or contractors, for two (2) years following completion of the Work, and Lagoon shall have the right to audit Contractor and inspect and copy such records during such two (2) year period.

4.      INDEPENDENT CONTRACTOR/INSPECTIONS.

a.   Contractor and its subcontractors shall be solely responsible for any and all salaries, employee benefit plans, taxes, insurance, and any and all other compensations and responsibilities for their respective employees. It is the understanding and intention of the parties hereto that no relationship of master and servant or principal and agent shall exist between Lagoon and the employees, agents, or representatives of Contractor, and that all work or services covered hereby shall be performed at the sole risk of Contractor.

b.   All work or services rendered or performed by Contractor shall be done with due diligence, in a good and workmanlike manner, using skilled, competent, and experienced workmen and supervisors. Contractor warrants full, clear, and unrestricted title to all materials and equipment supplied by Contractor in performance of any Work free and clear of any and all liens, security interests, encumbrances and claims of others. Any portion of the Work found defective or unsuitable and all damages resulting therefrom shall be removed, replaced, or corrected by Contractor without additional cost or risk to Lagoon. Contractor agrees to inspect all materials and equipment furnished by Lagoon directly employed in the course of operations conducted hereunder and shall notify Lagoon of any apparent defects therein before using such materials and equipment. Should Contractor use such materials and equipment without notifying Lagoon of any defect, Contractor shall be deemed to have assumed all risk and liability for any mishap that may

Master Service Agreement – Lagoon Water Logistics LLC                                              Revised April 2018

occur in operations conducted hereunder by reason of failure or defects in such materials and equipment. Contractor shall not be liable for claims due solely to latent defects.

5.    WARRANTY. Contractor warrants that all Work performed by Contractor shall be done with due diligence, in a good and workmanlike manner, using skilled, competent, and experienced workmen and supervisors, and shall comply with all laws, regulations, and ordinances. Time is of the essence in the completion of any Work under this Agreement. Unless otherwise agreed in writing by the parties, Contractor warrants that all materials, equipment, supplies or manufactured articles furnished by Contractor in the performance of the Work entering into or necessary to the construction or the completion of the Work shall be the best quality for the respective purposes, free from defects, merchantable, and fit for its intended purpose. Any portion of the Work found to be defective or unsuitable in the reasonable judgment of Lagoon or not in compliance with any law, regulation, or ordinance shall be removed, replaced, or corrected by Contractor without additional cost or risk to Lagoon.

6.    TAXES, PERMITS, AND LICENSES. Unless otherwise agreed in writing by the parties, Contractor shall secure all licenses and permits, make all cash and other deposits, provide all bonds, and give all notices required either by law, regulation, ordinance, or permit in connection with any Work performed under this Agreement. Contractor agrees to pay, promptly when due, all license fees, duties, and assessments and all sales, use, excise, and other taxes or charges, including any interest and penalties, now or hereafter imposed by any governmental body or agency upon any materials, supplies, equipment, or services provided by Contractor pursuant to this Agreement. Unless otherwise agreed in writing by the parties, Contractor shall prepare and file promptly with the appropriate offices any and all tax and other similar returns required to be filed with respect to the Work and send copies thereof to Lagoon or, if requested by Lagoon, notify Lagoon of such requirement and furnish Lagoon with all necessary information so that it may effect such filing.

7.    CONTROL OF PREMISES. Unless otherwise agreed in writing by the parties, Contractor shall have at least one of its representatives present at and during all Work performed under this Agreement. Lagoon may, in its sole discretion, request that Contractor, its subcontractors, or any of their respective employees or invitees be removed from the premises. If Lagoon makes such a request, Contractor shall remove such individual or individuals from Lagoon premises and not allow their return until such return is approved by Lagoon. Lagoon may condition such individual's return upon Contractor providing proof satisfactory to Lagoon that the individual (i) has tested negative for drugs and/or alcohol and or (ii) has met any other conditions Lagoon may impose.

8.    PROHIBITED ARTICLES. Contractor, its subcontractors, and each of their respective employees and invitees shall not possess or bring onto Lagoon's premises any illegal drugs, prescription drugs for which the individual has no prescription, legal drugs in excessive amounts, drug paraphernalia, alcoholic beverages, firearms and other weapons, contraband, or stolen property. If any of the above articles are brought onto Lagoon's premises, the individual possessing the prohibited articles will be ordered off the premises and may not, in Lagoon's sole discretion, be permitted to re-enter. Lagoon's personnel may, without prior announcement at such times and at such locations as Lagoon considers appropriate, conduct inspections and searches of any individual or property on Lagoon's premises.

9.    PERFORMANCE OF WORK. In performing all Work under this Agreement, Contractor shall (i) comply with all applicable safety, health, and environmental laws, regulations, and ordinances, (ii) comply with all of Lagoon's safety, health and environmental rules or policies, (iii) provide its employees with appropriate safety, health and environmental training, (iv) provide its employees with appropriate, functioning safety equipment, (v) ensure that its employees use the provided safety equipment at all times in a proper and safe manner, (vi) ensure that its subcontractors comply with the requirements of this paragraph, and (vii) comply with any lease terms or other contracts applicable to the Work, including, but not limited to, surface and road use agreements.

10.     ACCIDENTS. Contractor shall immediately report in writing to Lagoon all accidents or occurrences resulting in illness or injuries to any person or damage to any property arising out of or during the course of the Work and shall furnish Lagoon with a copy of reports or such accidents and occurrences made by Contractor to Contractor insurer or to others. Except in emergency situations, Contractor shall not remove any damaged property from Lagoon's premises without the prior written consent of Lagoon. Lagoon shall have the right to request the Total Recordable Incidence Rate and Days Away Restricted Time along with OSHA 300 logs from the Contractor.

11.     EQUAL EMPLOYMENT OPPORTUNITY. Contractor and its subcontractors warrant that they will comply with all applicable equal employment opportunity statutes, rules, and regulations promulgated by the federal government and all applicable state and local governments.

12.     RISK OF LOSS.

a.   Contractor assumes the risk of loss at all times for damages to or destruction of Contractor's equipment and materials, regardless of how such damage or destruction occurs. Lagoon shall be under no liability to reimburse Contractor for any such loss or damage thereto. Contractor shall protect, defend, indemnify and hold harmless Lagoon from any and all damage or loss thereof, regardless of the negligence or fault (active or passive) of any party or parties including the sole, joint or concurrent negligence of Lagoon, any theory of strict liability and defect of premises or the unseaworthiness of any vessel (whether or not preexisting the date of this Agreement), arising in connection herewith in favor of Contractor, Contractor's contractors, or Contractor's invitees.

b.   Lagoon assumes the risk of loss at all times for damage to or destruction of Lagoon's equipment and materials except where such damage or destruction results from or arises out of Contractor's operations.

13.     INSURANCE.

a.      Contractor shall secure and maintain during the term of this Agreement, at a minimum, the types and amounts of insurance reflected on Exhibit A attached hereto appropriate to the Work performed by Contractor.

b.      All liability policies shall include coverage for defense costs. All insurance shall be underwritten by carriers acceptable to Lagoon. Prior to commending the Work, Contractor shall furnish Lagoon with insurance certificates to evidence the required coverage. Upon the request of Lagoon, Contractor shall provide Lagoon with a copy of any such insurance policy. Such insurance policies shall be endorsed to indicate that (i) the coverage includes Lagoon as an additional insured (except Worker's Compensation coverage) with all such insurance being primary to any insurance of Lagoon that may apply, (ii) the insurer waives its right of subrogation against Lagoon, (iii) Lagoon will be notified in writing thirty (30) days prior to any changes or cancellation in Contractor's insurance coverage required by this Agreement, and (iv) there shall be no recourse against Lagoon for payment of premium.

c.      Contractor shall be solely responsible for deductibles required under such policies   and Contractor shall not under any circumstances call upon Lagoon for payment of such deductibles. Contractor shall defend, indemnify, and hold harmless Lagoon and its officers, directors, employees, and agents from and against any and all claims, demands, causes of action, or suits with respect to such deductibles whether as a result of the negligence in whole or in part of Lagoon.

Master Service Agreement – Lagoon Water Logistics LLC                                    Revised April 2018

d.   Contractor shall require all subcontractors to obtain, maintain, and keep in force during the time in which they are engaged in performing Work, adequate coverage in accordance with Contractor's normal practice and furnish Lagoon acceptable evidence of such insurance upon request. All policies of subcontractors shall be endorsed to provide a waiver of subrogation as to Lagoon.

14.   <u>INDEMNIFICATION</u>.

a.   It is agreed between Lagoon and Contractor that certain responsibilities and liabilities for personal injuries and property damage arising out of the performance of this Agreement should be allocated between them in order to avoid protracted litigation between Lagoon and Contractor along with the associated legal expenses and so that insurance or self-insurance may be arranged by each party as necessary to protect them against these exposures to loss. The following sets out the specifics of the agreements between Lagoon and Contractor as to the allocation of the responsibilities and liabilities.

b.   **Contractor agrees to protect, defend, indemnify and hold harmless Lagoon, its officers, directors, employees or their invitees, and any working interest owner or non-operator for whom Lagoon is obligated to perform services, from and against all claims, demands, and causes of action of every kind and character without limit and without regard to the cause or causes thereof or the negligence or fault (active or passive) of any party or parties including the joint or concurrent negligence of Lagoon, any theory of strict liability and defect of premises, or the unseaworthiness of any vessel (whether or not preexisting the date of this Contract), arising in connection herewith in favor of Contractor's employees, Contractor's subcontractors or their employees, or Contractor's invitees on account of bodily injury, death or damage to property with the exception of consequential damages.**

c.   **Lagoon agrees to protect, defend, indemnify and hold harmless Contractor, its officers, directors and employees or their invitees, from and against all claims, demands, and causes of action of every kind and character without limit and without regard to the cause or causes thereof or the negligence or fault (active or passive) of any party or parties including the joint or concurrent negligence of Contractor, any theory of strict liability, any professional liability, and defect of premises, or the unseaworthiness of any vessel (whether or not preexisting the date of this Contract), arising in connection herewith in favor of Lagoon's employees, Lagoon's contractors (other than Contractor herein) or their employees, or Lagoon's invitees on account of bodily injury, death or damage to property with the exception of consequential damages**

d.   **Contractor agrees to protect, defend, indemnify and hold harmless Lagoon, its officers, directors, employees or their invitees, and any working interest owner or non-operator for whom Lagoon is performing services, from and against all claims, demands, and causes of action of every kind and character arising from the acts of Contractor in favor of third parties and persons not employed or contracted by Contractor or Lagoon on account of bodily injury, death or damage to property.**

e.   **Lagoon agrees to protect, defend, indemnify and hold harmless Contractor, its officers, directors, employees or their invitees from and against all claims, demands, and causes of action of every kind and character arising from the acts of Lagoon in favor of third parties and persons not employed or contracted by Contractor or Lagoon on account of bodily injury, death or damage to property.**

Master Service Agreement – Lagoon Water Logistics LLC                                    Revised April 2018

f.      Each party shall notify the other party immediately of any claim, demand, or suit that may be presented to or served upon it by any party arising out of or as a result of work performed pursuant hereto, affording such other party full opportunity to assume the defense of such claim, demand, or suit and to protect itself under the obligations of this Section. Each party covenants and agrees to support this indemnity agreement by available liability insurance coverage as set forth in Exhibit A. In the event that this Agreement is subject to the indemnity limitations of any applicable State law, and so long as that law is in force, then it is agreed that the above obligations to indemnify are limited to the extent allowed by law.

g.      In claims against any person or entity indemnified under this Section 14 by an employee of the Contractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, the indemnification obligation under this Section 14 shall not be limited by a limitation on amount or type of damages, compensation or benefits payable by or for the Contractor under Workers' or Workmen's Compensation acts, disability benefit acts or other employee benefit acts.

h.      If it is judicially determined that the monetary limits of insurance required hereunder or of the indemnity voluntarily assumed under this Section which Contractor agrees will be supported either by equal liability insurance or voluntarily self-insured, in part or whole, exceeds the maximum limits permitted under such law, it is agreed that said insurance requirements or indemnity shall automatically be amended to conform to the maximum monetary limits permitted under such law.

i.      The indemnity provisions of this Agreement shall apply to any and all work performed, services rendered, or material supplied by Contractor on behalf of Lagoon whether Lagoon is acting in the capacity of an operator, non-operator or working interest owner.

j.      Any defense and indemnity by either party under this Agreement shall include, but not be limited to, all expenses of litigation, court costs, and attorney fees that may be incurred by or assessed against the party being indemnified.

15.     CONFIDENTIALITY. Each party shall not disclose to any third party any information obtained in performance of the Work, including the nature and location of the Work and the other party's processes and procedures.

16.     TERM AND CANCELLATION. This Agreement shall become effective upon execution by Contractor and Lagoon and shall continue in force and effect until thirty (30) days following delivery by either Lagoon or Contractor of written notice of cancellation to the other; provided, however, that any Work in progress on the effective date of such cancellation shall be controlled and governed by this Agreement until its completion to Lagoon's satisfaction.  All indemnity provisions of this Agreement shall survive cancellation of this Agreement.

17.     CANCELLATION OF WORK. Lagoon may at any time and for any reason cancel any Work in whole or in part by giving written notice to Contractor. If Contractor is not in default at the time of such cancellation, Lagoon shall pay Contractor for services actually provided by Contractor to the date of the cancellation notice. If Contractor is in default at the time of cancellation, Lagoon shall pay Contractor for services actually provided by Contractor to the date of the cancellation notice, less any amount of damages incurred as a result of Contractor's default.

18.     EVENTS OF DEFAULT. Contractor shall be in default under this Agreement and any and all Work hereunder if it (i) fails to abide by any provision of this Agreement, (ii) becomes insolvent, (iii)

Revised April 2018

makes an assignment for the benefit of creditors, (iv) is adjudicated bankrupt, (v) admits in writing its inability to pay debts as they become due, (vi) institutes any proceeding for relief of debtors or appointment of a receiver, trustee, or liquidator, (vii) institutes a voluntary petition in bankruptcy, or (viii) fails to remove within thirty (30) days any attachment which is levied upon Contractor's equipment or property.

19.    ASSIGNMENT. This Agreement shall be binding upon the parties hereto and their respective heirs, successors, or assigns. Neither this Agreement nor any part hereof may be assigned or sublet by Contractor without the prior written consent of Lagoon.

20.    ENTIRE AGREEMENT/MODIFICATION.    This Agreement sets forth the entire agreement between Contractor and Lagoon with respect to its subject matter. All prior negotiations and dealings regarding the subject matter hereof are superseded by and merged into this Agreement. No modification of this Agreement shall be effective unless made in writing and signed by both parties. If there is a conflict between the provisions of this Agreement and any other documents concerning the Work performed under this Agreement, the provisions of this Agreement shall fully supersede and control said documents.

21.    PARTIAL INVALIDITY. If any provision of this Agreement is found to be invalid in any respect, the remaining provisions of this Agreement shall remain valid and enforceable as if the invalid provision were merely deleted.

22.    WAIVER. Any waiver on the part of Lagoon or Contractor of any term or condition of this Agreement shall not constitute a precedent or bind either party to a waiver of any succeeding breach of the same or any other term or condition of this Agreement.

23.    NOTICES. All notices as required by this Agreement shall be effective when sent by certified mail to the address listed below.

24.    APPLICABLE LAW/JURISDICTION AND VENUE. The rights, obligations, and liabilities of the parties and the provisions of this Agreement shall be determined and construed in accordance with the laws of the State of Oklahoma. Contractor and Lagoon hereby agree and consent that the jurisdiction and venue of any lawsuit arising from or in connection with the terms and conditions of this Agreement shall be in any Oklahoma county selected by Lagoon.

25.    HEADINGS. All headings used in this Agreement are solely for the purpose of convenience and shall in no manner be deemed to be a part of this Agreement or used in interpreting its terms.

[Signature Page to Follow]

Revised April 2018

Master Service Agreement – Lagoon Water Logistics LLC                                        Revised April 2018

      IN WITNESS WHEREOF, Lagoon and Contractor have executed this Agreement on the dates indicated below:

**LAGOON:**

**Lagoon Water Logistics LLC**

By: _(signature)_
Name: PETE HOLLIS
Title: COO

Address:

Lagoon Water Logistics LLC
16224 Muirfield Place
Edmond, OK 73013
Contact: Pete Hollis
Email: phollis@lagoonws.com
Phone: 405.254.4704

Date Signed: 9/10/18

**CONTRACTOR:**

_Elite_ Elite Infrastructure, LLC

By: _(signature)_
Name: TODD BRADFORD
Title: PRESIDENT

Address:

101 E PARK BLVD
SUITE 360
PLANO TX 75074
Contact: TODD BRADFORD
Email: TBRADFORD@ELITEINFRASTRUCTURE.COM
Phone: 469-443-0970

Date Signed: 9/10/18

**Exhibit B**

Filed Notice of Removal in Bankr. W.D. Ok.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| PATRICIA FITE, surviving spouse of RANDALL FITE, deceased, | § § § § |  |
| Plaintiff, | § § | Case No. _____ |
| MARGARET ESTRADA, Individually and as Next of Kin of JAVIER BARRAZA, JR., deceased, | § § § § | Adv. Pro._____ |
| Intervenor-Plaintiff, | § § |  |
| v. | § § |  |
| LAGOON WATER LOGISTICS, LLC, and ELITE INFRASTRUCTURE, LLC, | § § § |  |
| Defendants. | § § |  |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Lagoon Water Logistics, LLC ("Defendant") hereby removes Case No. CJ-2019-2376, pending before the District Court of Oklahoma County, Oklahoma, to this Court pursuant to 28 U.S.C. §§ 1334(b) and 1452, Western District of Oklahoma Local Rule 81.3[1], and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 9027. As grounds for removal, Defendant states as follows:

1.     The Defendant is a defendant in a state-court lawsuit styled *Patricia Fite, et al. v. Lagoon Water Logistics, LLC*, Case No. CJ-2019-2376, pending before the District Court of Oklahoma County, Oklahoma (the "Action"). A true and correct copy of the docket sheet for the

---

[1]     Western District of Oklahoma Local Rule 81.3 provides that "A notice of removal from state court filed pursuant to Fed. R. Bankr. P. 9027 shall be filed with the bankruptcy clerk. All such removed claims and causes of action are hereby referred to the appropriate bankruptcy judge to be heard and, unless withdrawn by a district judge, such bankruptcy judge shall enter appropriate orders and judgments, subject to review by a district judge or appeal to a district judge as appropriate under 28 U.S.C. §§ 157 and 158 and the Federal Rules of Bankruptcy Procedure."

Action is attached hereto as **Exhibit 1**.  W.D. Ok. L. R. 81.2(a).  An index of all documents identifying each document and indicating the date the document was filed in the Action is attached hereto as **Exhibit 2**.  True and correct copies of all documents filed in the Action are attached hereto as **Exhibit 3**.  Bankruptcy Rule 9027(a)(1).

2.  On May 8, 2020, Elite Infrastructure LLC, a defendant in the Action (the "Chapter 11 Defendant"), filed a voluntary petition (the "Voluntary Petition") for relief under Chapter 11 of the United States Bankruptcy Code[2] in the United States Bankruptcy Court for the Northern District of Texas.  A file-stamped copy of the Voluntary Petition is attached hereto as **Exhibit 4.**

3.  The plaintiffs in the Action allege negligence and personal injury/wrongful death causes of action against the Defendant and the Chapter 11 Defendant.  Defendant removes such causes of action to the Court pursuant to 28 U.S.C. §§ 157, 1334(b), and 1452(a).

4.  The Court has jurisdiction over the removed Action pursuant to 28 U.S.C. § 1334 and the removed Action is a civil action other than a proceeding before the Tax Court or a civil action brought by a governmental unit to enforce the government unit's police or regulatory power as required for removal pursuant to 28 U.S.C. § 1452.

5.  Section 1452(a) of Title 28 of the United States Code provides that "a party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a).  Similarly, Bankruptcy Rule 9027 specifies that "[a] notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending."

6.  Section 1334(b) of Title 28 of the United States Code provides that "the district

---

[2]    "Bankruptcy Code" refers to title 11 of the United States Code.

court shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b). The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and this action may be removed to this Court pursuant to 28 U.S.C. § 1452 because this Action is related to the bankruptcy proceeding of the Chapter 11 Defendant.

7.      Some of the asserted claims against the Defendant and certain claims, causes of action, and/or defenses held by Defendant may be core and some claims may be non-core. Defendant does not consent to the entry of final orders or judgments by the bankruptcy court. Defendant does not consent to a jury trial being held before the bankruptcy court.

8.      To the extent that any claims against any party are not removable under bankruptcy jurisdiction, the Court, or the district court as applicable, has supplemental jurisdiction over such claims pursuant to 28 U.S.C. §§ 1367 and 1441.

9.      This Notice of Removal is timely filed pursuant to Fed. R. Bankr. P. 9027. Rule 9027(a)(2) provides that if a claim or cause of action in a civil action is pending when a case under the Bankruptcy Code is commenced, a notice of removal may be filed within 90 days after the order for relief in the case. The Chapter 11 Defendant filed the Voluntary Petition under Chapter 11 of the Bankruptcy Code on May 8, 2020 and the order for relief was entered contemporaneously with the filings. *See* 11 U.S.C. § 301(b) ("the commencement of a voluntary case under a chapter of the [Bankruptcy Code] constitutes an order for relief under such chapter."). This Notice of Removal is filed within 90 days of the order for relief.

10.     Written notice of the filing of this Notice of Removal is being served upon counsel for all of the parties herein and on the Clerk of the Court for the District Court of Oklahoma County, Oklahoma.

11.     Removal jurisdiction and venue exists in this Court because the state court

Case 20-01058 Doc 11 Filed 08/06/20 Page 4 of 5

where the action is pending is within this Court's district and division. *See* 28 U.S.C. §§ 1334 and 1452; Fed. R. Bankr. P. 9027. The Defendant respectfully requests that the Action be removed to this Court and be placed on the Court's docket for further proceedings.

Respectfully Submitted,

/s/ John J. Griffin, Jr.
JOHN J. GRIFFIN, JR., OBA #3613
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7718
(405) 272-5225 (Facsimile)
john.griffin@crowedunlevy.com

**ATTORNEY FOR LAGOON WATER
LOGISTICS, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of August, 2020, a true and correct copy of the above and foregoing was mailed via U.S. Mail, postage prepaid, to:

Michael Burrage
Reggie N. Whitten
J. Revell Parrish
WHITTEN BURRAGE
512 North Broadway Avenue, Ste. 300
Oklahoma City, OK 73102
***Attorneys for Plaintiffs***

Bethbiriah G. Sanchez
SANCHEZ LAW TX PLLC
4360 S. Congress Avenue, Ste. 111
Building 3, Suite 600
Austin, TX 78745
***Attorneys for Plaintiffs***

Brantley W. White
CARLSON LAW FIRM/WHITE & CARLSON
653 Everhart Road, Ste. 105
Corpus Christi, TX 78411
***Attorneys for Plaintiffs***

Peter L. Wheeler
Timothy M. Bunson
PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, LLP
1101 N. Francis
P. O. Box 26350
Oklahoma City, OK 73126
***Attorneys for Plaintiffs***

Jason E. Robinson
DENNEY & BARRETT, P.C.
870 Copperfield Drive, Suite A
Norman, OK 73072
***Attorneys for Intervenor Margaret Estrada***

Keith W. Lapeze
LAPEZE & JOHNS, PLLC
601 Sawyer Street, Suite 650
Houston, TX 77007
***Attorneys for Intervenor Margaret Estrada***

John David Franz
LAW OFFICE OF JOHN DAVID FRANZ
400 N. McColl, Suite B
McAllen, TX 78501
***Attorneys for Intervenor Saida Sanchez as Next Friend of A.L.B.***

Ricardo A. Garcia
GARCIA & OCHOA, L.L.P.
820 S. Main
McAllen, TX 78501
***Attorneys for Intervenor Saida Sanchez as Next Friend of A.L.B.***

Christian S. Huckaby
J. Todd Woolery
Mackenzie L. Smith
MCAFEE & TAFT, P.C.
10th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102
***Attorneys for Elite Infrastructure LLC***

                /s/ John J. Griffin Jr._____

**Exhibit 1**
**Docket Sheet for the Action**

OKLAHOMA
State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR <u>OKLAHOMA COUNTY</u>, OKLAHOMA

| | |
|---|---|
| PATRICIA FITE, SURVIVING SPOUSE OF RANDALL FITE, DECEASED,<br>      Plaintiff,<br><br>MARGARET ESTRADA, INDIVIDUALLY AND AS NEXT OF KIN OF JAVIER BARRAZA, JR., DECEASED,<br><br>v.<br><br>LAGOON WATER LOGISTICS, LLC AND ELITE INFRASTRUCTURE LLC,<br>      Defendant. | **No. CJ-2019-2376**<br>**(Civil relief more than $10,000: NEGLIGENCE (GENERAL))**<br><br>Filed: 04/29/2019<br><br><br>Judge: Prince, Thomas E |

# PARTIES

Barraza, Javier Jr, Intervenor
Elite Infrastructure Llc, Defendant
Estrada, Margaret, Intervenor
Fite, Patricia, Plaintiff
Fite, Randall Keith, Plaintiff
Lagoon Water Logistics Llc, Defendant

# ATTORNEYS

| **Attorney** | **Represented Parties** |
|---|---|
| BURRAGE, MICHAEL (Bar #1350)<br>512 N Broadway Ave<br>Suite 300<br>OKC, OK 73102 | Fite, Patricia<br>Fite, Randall Keith |
| Pritchett Jr, E. Edd (Bar #16118)<br>920 N. HARVEY<br>OKC, OK 73102 | Lagoon Water Logistics Llc, |

Case 20-01058   Doc 1-3   Filed 08/06/20   Page 3 of 9

| Attorney | Represented Parties |
|---|---|
| Robinson,  Jason  E. (Bar #22289)<br>870 COPPERFIELD DRIVE<br>NORMAN, OK 73072 | |
| Wheeler,  Peter  L (Bar #12929)<br>PO BOX 26350<br>OKC, OK 73126 | Lagoon Water Logistics Llc, |
| WOOLERY,  J.  TODD (Bar #18882)<br>TENTH FLOOR, TWO LEADERSHIP SQUARE<br>211 NORTH ROBINSON<br>OKLAHOMA CITY, OK 73102 | Elite Infrastructure Llc, |

# EVENTS

None

# ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**    Issue: NEGLIGENCE (GENERAL) (NEGL)
Filed By: Fite, Randall Keith
Filed Date: 04/29/2019

**Party Name**          **Disposition Information**
Pending.

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 04-29-2019 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 04-29-2019 | NEGL | NEGLIGENCE (GENERAL) | | | |
| 04-29-2019 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 04-29-2019 | PFE1 | PETITION | | | $ 163.00 |
| 04-29-2019 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 04-29-2019 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 04-29-2019 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 04-29-2019 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 04-29-2019 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 04-29-2019 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 04-29-2019 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 04-29-2019 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 04-29-2019 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 04-29-2019 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 04-29-2019 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 04-29-2019 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 04-29-2019 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 04-29-2019 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 10.00 |
| 04-29-2019 | EAA | ENTRY OF APPEARANCE<br>Document Available (#1043164487) TIFF PDF | | | |
| 04-29-2019 | P | PETITION<br>Document Available (#1043661942) TIFF PDF | | | |
| 04-29-2019 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE PRINCE, THOMAS E TO THIS CASE. | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 04-29-2019 | ACCOUNT | RECEIPT # 2019-4591244 ON 04/29/2019.<br>PAYOR: WHITTEN & BURRAGE LLP TOTAL AMOUNT PAID: $ 242.14.<br>LINE ITEMS:<br>CJ-2019-2376: $173.00 ON AC01 CLERK FEES.<br>CJ-2019-2376: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL.<br>CJ-2019-2376: $1.66 ON AC31 COURT CLERK REVOLVING FUND.<br>CJ-2019-2376: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.<br>CJ-2019-2376: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.<br>CJ-2019-2376: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY.<br>CJ-2019-2376: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS.<br>CJ-2019-2376: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND.<br>CJ-2019-2376: $25.00 ON AC79 OCIS REVOLVING FUND.<br>CJ-2019-2376: $10.00 ON AC81 LENGTHY TRIAL FUND.<br>CJ-2019-2376: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |
| 05-06-2019 | SMS | SUMMONS RETURNED, SERVED: LAGOON WATER LOGISTICS, LLC, SIGN BY B MAYFIELD ON 5-1-19 BY CERT MAIL<br>Document Available (#1043175017) 📄TIFF 📄PDF | | | |
| 05-08-2019 | SMF | SUMMONS FEE | | | $ 20.00 |
| 05-08-2019 | ACCOUNT | RECEIPT # 2019-4597860 ON 05/08/2019.<br>PAYOR: WHITTEN & BURRAGE LLP TOTAL AMOUNT PAID: $ 20.00.<br>LINE ITEMS:<br>CJ-2019-2376: $20.00 ON AC01 CLERK FEES. | | | |
| 05-09-2019 | AMP | FIRST AMENDED PETITION<br>Document Available (#1043663447) 📄TIFF 📄PDF | | | |
| 05-23-2019 | SMF | SUMMONS FEE | | | $ 10.00 |
| 05-23-2019 | SMS | ALIAS SUMMONS RETURNED, SERVED: LAGOON WATER LOGISTICS, LLC CORPORATE TOWER, BY CERTIFIED MAIL (SEE IMAGE)<br>Document Available (#1043901524) 📄TIFF 📄PDF | | | |
| 05-23-2019 | ADJUST | ADJUSTING ENTRY: MONIES DUE TO AC09-CARD ALLOCATION | | | $ 0.25 |
| 05-23-2019 | ACCOUNT | ADJUSTING ENTRY: MONIES DUE TO THE FOLLOWING AGENCIES REDUCED BY THE FOLLOWING AMOUNTS:<br>CJ-2019-2376: AC01 CLERK FEES -$0.25 | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 05-23-2019 | ACCOUNT | RECEIPT # 2019-4607502 ON 05/23/2019.<br>PAYOR: WEESE/SHULI TOTAL AMOUNT PAID: $ 10.00.<br>LINE ITEMS:<br>CJ-2019-2376: $9.75 ON AC01 CLERK FEES.<br>CJ-2019-2376: $0.25 ON AC09 CARD ALLOCATIONS. | | | |
| 05-24-2019 | SMS | SUMMONS RETURNED, SERVED ELITE INFRASTRUTURE LLC, % ERIC BENAVIDES, AGENT BY CERT MAIL 5/16/19<br>Document Available (#1043654952) 📄TIFF 📄PDF | | | |
| 06-05-2019 | EAA | ENTRY OF APPEARANCE<br>Document Available (#1043184617) 📄TIFF 📄PDF | | | |
| 06-05-2019 | EAA | ENTRY OF APPEARANCE<br>Document Available (#1043805925) 📄TIFF 📄PDF | | | |
| 06-05-2019 | A | DEFENDANT ELITE INFRASTRUCTURE ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION<br>Document Available (#1043805926) 📄TIFF 📄PDF | | | |
| 06-05-2019 | A | DEFENDANT LAGOON WATER LOGISTICS LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION<br>Document Available (#1043894061) 📄TIFF 📄PDF | | | |
| 07-05-2019 | NO | ORIGINAL PLEA IN INTERVENTION OF ANNJANETTE GARZA AS NEXT FRIEND OF AMC, A MINOR<br>Document Available (#1044167767) 📄TIFF 📄PDF | | | |
| 07-08-2019 | MO | MOTION TO ASSOCIATE COUNSEL<br>Document Available (#1044244520) 📄TIFF 📄PDF | | | |
| 07-08-2019 | MO | MOTION TO ASSOCIATE COUNSEL<br>Document Available (#1044244524) 📄TIFF 📄PDF | | | |
| 07-09-2019 | MO | MOTION TO ASSOCIATE COUNSEL<br>Document Available (#1044247195) 📄TIFF 📄PDF | | | |
| 07-10-2019 | O | ORDER ADMITTING TO PRACTICE<br>Document Available (#1044243991) 📄TIFF 📄PDF | | | |
| 07-10-2019 | O | ORDER ADMITTING TO PRACTICE<br>Document Available (#1044243995) 📄TIFF 📄PDF | | | |
| 07-10-2019 | O | ORDER ADMITTING TO PRACTICE<br>Document Available (#1044243999) 📄TIFF 📄PDF | | | |
| 08-15-2019 | EAA | ENTRY OF APPEARANCE JASON E. ROBINSON ON BEHALF OF INTERVENOR-PLAINTIFF<br>Document Available (#1044532444) 📄TIFF 📄PDF | | | |
| 08-19-2019 | MO | MOTION TO ASSOCIATE COUNSEL<br>Document Available (#1044624362) 📄TIFF 📄PDF | | | |
| 09-17-2019 | NO | ORIGINAL PLEA IN INTERVENTION OF SAIDA SANCHEZ, AS NEXT FRIEND OF A.L.B. A MINOR<br>Document Available (#1044435478) 📄TIFF 📄PDF | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 09-23-2019 | MO | UNOPPOSED MOTION TO ASSOCIATE COUNSEL<br>Document Available (#1044919966) 📄TIFF 📄PDF | | | |
| 09-23-2019 | O | ORDER ADMITTING TO PRACTICE<br>Document Available (#1044920757) 📄TIFF 📄PDF | | | |
| 10-04-2019 | EAA | ENTRY OF APPEARANCE AS ADDITIONAL COUNSEL OF RECORD FOR DEFENDANT, LAGOON WATER LOGISTICS, LLC<br>Document Available (#1044171212) 📄TIFF 📄PDF | | | |
| 10-10-2019 | CERTS | CERTIFICATE OF SERVICE<br>Document Available (#1044526010) 📄TIFF 📄PDF | | | |
| 10-11-2019 | O | ORDER ADMITTING TO PRACTICE<br>Document Available (#1045213107) 📄TIFF 📄PDF | | | |
| 10-22-2019 | MO | MOTION OF DURBIN, LARIMORE & BIALICK, P.C. TO WITHDRAW AS COUNSEL FOR DEFENDANT LAGOON WATER LOGISTICS, LLC<br>Document Available (#1045114212) 📄TIFF 📄PDF | | | |
| 11-12-2019 | MOC | PLAINTIFF RANDALL KEITH FITE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT ELITE INFRASTRUCTURE LLC<br>Document Available (#1044780393) 📄TIFF 📄PDF | | | |
| 11-12-2019 | AGORD | AGREED ORDER<br>Document Available (#1044781126) 📄TIFF 📄PDF | | | |
| 11-27-2019 | MO | MOTION TO AMEND THE MOTIONS TO INTERVENE FILED BY ANNJANETTE GARZA, AS NEXT FRIEND OF AMC., A MINOR, AND SAIDA SANCHEZ, AS NEXT FRIEND OF ALB., A MINOR<br>Document Available (#1045398854) 📄TIFF 📄PDF | | | |
| 12-02-2019 | RESP | DEFENDANT ELITE INFRASTRUCTURE LLC'S RESPONSE TO PLAINTIFF RANDALL KEITH FITE'S MOTION TO COMPEL DISCOVERY<br>Document Available (#1045402213) 📄TIFF 📄PDF | | | |
| 12-11-2019 | MO | MOTION TO ASSOCIATE COUNSEL<br>Document Available (#1045656172) 📄TIFF 📄PDF | | | |
| 12-11-2019 | O | ORDER GRANTING MOTION TO AMEND THE MOTIONS TO INTERVENE BY INTERVENORS- PLAINTIFFS ANN JANETTE GARZA, AS NEXT FRIEND OF A.M.C., A MIINOR, AND SAIDA SANCHEZ AS NEXT FRIEND OF A.L.B. A MINOR<br>Document Available (#1045657133) 📄TIFF 📄PDF | | | |
| 12-19-2019 | O | ORDER ADMITTING TO PRACTICE<br>Document Available (#1045647792) 📄TIFF 📄PDF | | | |
| 01-02-2020 | NO | NOTICE OF CHANGE OF FIRM NAME & CONTACT INFORMATION<br>Document Available (#1045211276) 📄TIFF 📄PDF | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 01-30-2020 | P | PETITION IN INTERVENTION OF MARGARET ESTRADA, INDIVIDUALLY AND AS NEXT OF KIN OF JAVIER BARRAZA JR<br>Document Available (#1046044110) TIFF PDF | | | |
| 01-30-2020 | OG | ORDER GRANTING AMENDED MOTION TO INTERVENE<br>Document Available (#1046044683) TIFF PDF | | | |
| 02-06-2020 | NO | SUGGESTION OF DEATH UPON THE RECORD<br>Document Available (#1046036034) TIFF PDF | | | |
| 02-14-2020 | MO | PLAINTUFF'S UNOPPOSED MOTION FOR SUBSTITUTION OF PARTY AND LEAVE TO AMEND HER PETITION<br>Document Available (#1046244881) TIFF PDF | | | |
| 02-18-2020 | MO | MOTION TO ASSOCIATE COUNSEL<br>Document Available (#1046238854) TIFF PDF | | | |
| 02-18-2020 | OG | ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR SUSBSTITUTION OF PARTY AND MOTION TO AMEND HER PETITION<br>Document Available (#1046238671) TIFF PDF | | | |
| 02-24-2020 | AMP | SECOND AMENDED PETITION<br>Document Available (#1045846670) TIFF PDF | | | |
| 02-28-2020 | A | DEFENDANT LAGOON'S ANSWER TO PETITION IN INTERVENTION OF MARGARET ESTRADA, INDIVIDUALLY, AND AS NEXT OF KIN OF JAVIER BARRAZA, JR<br>Document Available (#1045752568) TIFF PDF | | | |
| 03-02-2020 | A | DEFENDANT ELITE INFRASTRUCTURE LLC'S ANSWER TO PETITION IN INTERVENTION OF MARGARET ESTRADA, INDIVIDUALLY AND AS NEXT OF KIN JAVIER BARRAZA, JR.<br>Document Available (#1045394492) TIFF PDF | | | |
| 03-03-2020 | A | DEFENDANT LAGOON'S ANSWER TO PLAINTIFF FITE'S SECOND AMENDED PETITION<br>Document Available (#1045844612) TIFF PDF | | | |
| 03-13-2020 | A | DEFENDANT ELITE INFRASTRUCTURE LLC'S ANSWER TO SECOND AMENDED PETITION<br>Document Available (#1046328250) TIFF PDF | | | |
| 06-11-2020 | NOB | SUGGESTION OF BANKRUPTCY<br>Document Available (#1046847284) TIFF PDF | | | |
| 06-15-2020 | NOB | SUGGESTION OF BANKRUPTCY<br>Document Available (#1046835812) TIFF PDF | | | |
| 06-15-2020 | O | ORDER ADMITTING TO PRACTICE<br>Document Available (#1046843378) TIFF PDF | | | |

## **Exhibit 2**
**Index of Documents Filed in the Action**

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
### STATE OF OKLAHOMA

| | |
|---|---|
| PATRICIA FITE, surviving spouse of RANDALL FITE, deceased, | ) ) ) |
| Plaintiff, | ) ) ) |
| MARGARET ESTRADA, Individually and as Next of Kin of JAVIER BARRAZA, JR., deceased, | ) ) ) ) |
| Intervenor-Plaintiff, | ) ) ) |
| v. | ) ) ) |
| LAGOON WATER LOGISTICS, LLC, and ELITE INFRASTRUCTURE, LLC, | ) ) ) |
| Defendants. | ) |

Case No. CJ-2019-2376
Judge Thomas E. Prince

## INDEX

| No. | Date | Document |
|---|---|---|
| 1. | 04/29/2019 | Entry of Appearance (Burrage, Whitten and Parrish for Plaintiff) |
| 2. | 04/29/2019 | Petition |
| 3. | 05/06/2019 | Summons Returned: Lagoon Water Logistics |
| 4. | 05/09/2019 | First Amended Petition |
| 5. | 05/23/2019 | Alias Summons Returned: Lagoon Water Logistics |
| 6. | 05/24/2019 | Summons Returned: Elite Infrastructure |
| 7. | 06/05/2019 | Entry of Appearance (Huckaby, Woolery and Smith for Defendant Elite Infrastructure) |
| 8. | 06/05/2019 | Entry of Appearance (Pritchett and Young for Defendant Lagoon Water Logistics) |
| 9. | 06/05/2019 | Defendant Elite Infrastructure Answer to Plaintiff's First Amended Petition |
| 10. | 06/05/2019 | Defendant Lagoon Water Logistics Answer to Plaintiffs' First Amended Petition |

| No. | Date | Document |
|-----|------|----------|
| 11. | 07/05/2019 | Original Plea in Intervention of AnnJanette Garza as Next Friend of AMC, a Minor |
| 12. | 07/08/2019 | Motion to Associate Counsel (Peter Mills) |
| 13. | 07/08/2019 | Motion to Associate Counsel (Bethbiriah Sanchez) |
| 14. | 07/09/2019 | Motion to Associate Counsel (Brantley White) |
| 15. | 07/10/2019 | Order Admitting to Practice (Peter Mills) |
| 16. | 07/10/2019 | Order Admitting to Practice (Bethbiriah Sanchez) |
| 17. | 07/10/2019 | Order Admitting to Practice (Brantley White) |
| 18. | 08/15/2019 | Entry of Appearance (Jason Robinson on behalf of Intervenor-Plaintiff) |
| 19. | 08/19/2019 | Motion to Associate Counsel (Ricardo Garcia) |
| 20. | 09/17/2019 | Original Plea in Intervention of Saida Sanchez, as Next Friend of A.L.B., a Minor |
| 21. | 09/23/2019 | Unopposed Motion to Associate Counsel (John Franz) |
| 22. | 09/23/2019 | Order Admitting to Practice (Ricardo Garcia) |
| 23. | 10/04/2019 | Entry of Appearance as Additional Counsel of Record for Defendant, Lagoon Water Logistics, LLC (Peter Wheeler and Tim Bunson) |
| 24. | 10/10/2019 | Certificate of Service (Defendant Lagoon re: Responses to Fite's RFA) |
| 25. | 10/11/2019 | Order Admitting to Practice (John Franz) |
| 26. | 10/22/2019 | Motion of Durbin, Larimore & Bialick, P.C. to Withdraw as Counsel for Defendant Lagoon Water Logistics |
| 27. | 11/12/2019 | Plaintiff Randall Keith Fite's Motion to Compel Discovery from Defendant Elite Infrastructure |
| 28. | 11/12/2019 | Agreed Order (Durbin Larimore withdraw as counsel for Defendant Lagoon) |
| 29. | 11/27/2019 | Motion to Amend the Motions to Intervene Filed by AnnJanette Garza, as Next Friend of AMC, a Minor, and Saida Sanchez, as Next Friend of ALB, a Minor |

| No. | Date | Document |
|-----|------|----------|
| 30. | 12/02/2019 | Defendant Elite Infrastructure's Response to Plaintiff Randall Keith Fite's Motion to Compel Discovery |
| 31. | 12/11/2019 | Motion to Associate Counsel (Keith Lapeze) |
| 32. | 12/11/2019 | Order Granting Motion to Amend the Motions to Intervene by Intervenors-Plaintiffs Ann Janette Garza, as Next Friend of A.M.C., a Minor, and Saida Sanchez, as Next Friend of A.L.B., a Minor |
| 33. | 12/19/2019 | Order Admitting to Practice (Keith Lapeze) |
| 34. | 01/02/2020 | Notice of Change of Firm Name and Contact Information (Sanchez Mills for Fite) |
| 35. | 01/30/2020 | Petition in Intervention of Margaret Estrada, Individually and as Next of Kin of Javier Barraza, Jr. |
| 36. | 01/30/2020 | Order Granting Amended Motion to Intervene (Estrada) |
| 37. | 02/06/2020 | Suggestion of Death Upon the Record (Randall Fite) |
| 38. | 02/14/2020 | Plaintiff's (Fite) Unopposed Motion for Substitution of Party and Leave to Amend Her Petition |
| 39. | 02/18/2020 | Motion to Associate Counsel (Philip Koelsch) |
| 40. | 02/18/2020 | Order Granting Plaintiff's (Fite) Unopposed Motion for Substitution of Party and Motion to Amend Her Petition |
| 41. | 02/24/2020 | Second Amended Petition (Fite) |
| 42. | 02/28/2020 | Defendant Lagoon's Answer to Petition in Intervention of Margaret Estrada, Individually, and as Next of Kin of Javier Barraza, Jr. |
| 43. | 03/02/2020 | Defendant Elite Infrastructure LLC's Answer to Petition in Intervention of Margaret Estrada, Individually and as Next of Kin Javier Barraza, Jr. |
| 44. | 03/03/2020 | Defendant Lagoon's Answer to Plaintiff Fite's Second Amended Petition (Fite) |
| 45. | 03/13/2020 | Defendant Elite Infrastructure's Answer to Second Amended Petition (Fite) |

| No. | Date | Document |
|-----|------|----------|
| 46. | 06/11/2020 | Suggestion of Bankruptcy (Elite Infrastructure) |
| 47. | 06/15/2020 | Suggestion of Bankruptcy (Elite Infrastructure) |
| 48. | 06/15/2020 | Order Admitting to Practice (Philip Koelsch) |

**<u>Exhibit 4</u>**
**Chapter 11 Petition**

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF TEXAS

Case number *(if known)* _____  Chapter   **11**

☐ Check if this an
   amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy                     04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Elite Infrastructure, LLC** | |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-0891420** |

**4.   Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1130 E Arapaho** **Suite 475** **Richardson, TX 75081** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Dallas** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

**5.   Debtor's website** (URL)    _____

**6.   Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Elite Infrastructure, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7.   Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| Debtor | _____ | | Relationship | _____ |
|---|---|---|---|---|
| District | _____ | When _____ | Case number, if known | _____ |

| Debtor | **Elite Infrastructure, LLC** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

**11. Why is the case filed in *this district?***

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

  **Why does the property need immediate attention?** (*Check all that apply.*)

  - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____
  - ☐ It needs to be physically secured or protected from the weather.
  - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
  - ☐ Other _____

  **Where is the property?** _____
  Number, Street, City, State & ZIP Code

  **Is the property insured?**

  - ☐ No
  - ☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

---

| ■ | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ■ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than100,000

**15. Estimated Assets**

- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ■ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

---

| Debtor | **Elite Infrastructure, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___**May 8, 2020**___
MM / DD / YYYY

**X** **/s/ Eric Benavides**                                    **Eric Benavides**
Signature of authorized representative of debtor          Printed name

Title    **Sole Member**

**18. Signature of attorney**

**X** **/s/ Eric A. Liepins**                          Date    **May 8, 2020**
Signature of attorney for debtor                              MM / DD / YYYY

**Eric A. Liepins**
Printed name

**Eric A. Liepins**
Firm name

**12770 Coit Road**
**Suite 1100**
**Dallas, TX 75251**
Number, Street, City, State & ZIP Code

Contact phone    **972-991-5591**        Email address    **eric@ealpc.com**

**12338110 TX**
Bar number and State

Fill in this information to identify the case:

Debtor name **Elite Infrastructure, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Bird Electric Enterprises LLC** 8787 IH 20 Eastland, TX 76448 | | | | | | $44,185.38 |
| **BJ Services, LLC** PO Box 733585 Dallas, TX 75373-3585 | | | | | | $69,692.81 |
| **DNOW LP** PO Box 200822 Dallas, TX 75230-0822 | | | | | | $50,570.46 |
| **Ensign** 15015 Vickery Drive Houston, TX 77032 | | | | | | $226,593.72 |
| **Hoss Pump Systems** 1336 N. 143rd E. Ave Tulsa, OK 74116 | | | | | | $99,074.42 |
| **Ibex Construction Services LLC** PO Box 62021 San Angelo, TX 76904 | | | | | | $270,539.70 |
| **Iconest Civil Works** 3800 E 42nd St. Suite 607 Odessa, TX 79762 | | | | | | $82,000.00 |
| **Ingram Professional Services, Inc.** PO Box 2978 Hobbs, NM 88241 | | | | | | $371,781.60 |
| **KBK Industries, LLC** Dept. #41979 PO Box 650020 Dallas, TX 75265-0020 | | | | | | $153,402.50 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | **Elite Infrastructure, LLC** | | | Case number *(if known)* | | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Knight Oil Tools LLC 1001 Briar Patch Drive Broussard, LA 70518 | | | | | | $84,167.82 |
| Marsau Enterprises, Inc 1209 N 30th Street Enid, OK 73701 | | | | | | $69,624.30 |
| Petro Guardian, LLC 29089 Krentel Road Lacombe, LA 70445 | | | | | | $109,991.21 |
| Power Infrastructure Partners 20308 Hwy 71 W, Suite 6B Spicewood, TX 78669 | | | | | | $88,530.83 |
| Precision Pump & Valve, LLC PO BOX 16653 Lake Charles, LA 70616 | | | | | | $67,333.79 |
| Pro View 5656 South Staples Ste 222 Corpus Christi, TX 78411 | | | | | | $103,705.00 |
| Slyder Energy Solutions PO Box 467 Chandler, OK 74834 | | | | | | $58,059.87 |
| Ultra EnviroFlex 4702 N Bryant Blvd. San Angelo, TX 76903 | | | | | | $85,556.25 |
| Varco Electric LLC 5319 Sierra Vista Drive PO Box 956 Carlsbad, NM 88220 | | | | | | $272,262.19 |
| Weatherford US, LP | | | | | | $46,318.04 |
| WW Tank Oklahoma LLC PO Box 2399 Pampa, TX 79066 | | | | | | $142,574.00 |

A&P Services, Inc.
PO Box 7064
Odessa, TX 79760


AD Trucking, LLC
1401 N Ave I
Odessa, TX 79763


Advantage Trailer LLC
PO Box 795171
Dallas, TX 75379


Ahern Rentals
PO Box 271390
Las Vegas, NV 89127-1390


Alliance Energy, LLC
PO Box 1509
Artesia, NM 88211


Bird Electric Enterprises LLC
8787 IH 20
Eastland, TX 76448


BJ Services, LLC
PO Box 733585
Dallas, TX 75373-3585


Blackwater Rentals, LLC
8509 Venita Ave.
Lubbock, TX 79424


Brown-Campbell
11800 Investment Dr.
Shelby Township, MI 48315

CAN-OK Oilfield Services, Inc.
887 Country Road 1405
Chickasha, OK 73018

Cascade Process Controls
10201 Younger Rd.
Midland, TX 79706

Cherokee Rental Inc
PO Box 13524
Odessa, TX 79768-3524

Circle C Trucking and Services
PO Box 11329
Odessa,, TX 79760

Crume Sales, Inc.
2308 Pole Road
More, OK 73160

DNOW LP
PO Box 200822
Dallas, TX 75230-0822

Elliott Electric Supply
3800 E 42nd St., Suite 607
Odessa, TX 79762-5930

Encore Welding Services, LLC
314 N. Canal St.
Carlsbad, NM 88220

Encore Wellhead Systems, LLC
PO Box 27380
Houston, TX 77227

Ensign
15015 Vickery Drive
Houston, TX 77032


Falcon Technologies & Services
PO Box 734260
Dallas, TX 75373-4260


Gems Sensors & Contorls
One Cowles Rd
Plainville, CT 06062


GK TechStar, LLC
802 West 13th Street
Deer Park, TX 77536


Hoss Pump Systems
1336 N. 143rd E. Ave
Tulsa, OK 74116


Ibex Construction Services LLC
PO Box 62021
San Angelo, TX 76904


Iconest Civil Works
3800 E 42nd St. Suite 607
Odessa, TX 79762


Ingram Professional Services, Inc.
PO Box 2978
Hobbs, NM 88241


John Meador Construction Inc.
PO Box 558
Eldorado, TX 76936

KBK Industries, LLC
Dept. #41979
PO Box 650020
Dallas, TX 75265-0020


KC Electric
4300 S. Van Buren
Enid, OK 73703


Knight Oil Tools LLC
1001 Briar Patch Drive
Broussard, LA 70518


Lone Star Tank Rental, Inc.
PO Box 40868
Dallas, TX 75320-4868


Marsau Enterprises, Inc
1209 N 30th Street
Enid, OK 73701


Micro Motion, Inc
7070 Winchester Circle
Boulder, CO 80301


Milroc Distribution
5208 Rotary Dr.
Carlsbad, NM 88220


Monahans Nipple-Up Service
PO Box 1552
Monahans, TX 79756


Odessa Pumps, Inc
ATTN: Odessa Pumps & Equipment, Inc
PO Box 207614
Dallas, TX 75320-7614

OEM Electric Supply LLC
PO Box 270237
Flower Mound, TX 75027


Permian Anchor
PO Box 12238
Odessa, TX 79768


Permian SWD Solutions LLC
PO Box 760
Post, TX 79356


Petro Guardian, LLC
29089 Krentel Road
Lacombe, LA 70445


Petroplex Acidizing, Inc.
PO Box 2299
Hicksville, NY 11802


Pettigrew & Associates PA
100 E Navajo Dr. Suite 100
Hobbs, NM 88240


Power Infrastructure Partners
20308 Hwy 71 W, Suite 6B
Spicewood, TX 78669


Precision Pump & Valve, LLC
PO BOX 16653
Lake Charles, LA 70616


Premier Pipe, LLC
15600 JFK BLVD Suite 200
Houston, TX 77032

Pro View
5656 South Staples Ste 222
Corpus Christi, TX 78411


PTW Energy Services Inc
DEPT CH 19870
PALATINE, IL 60055-9870


Raider Pump & Supply Inc
PO Box 1143
Lamesa, TX 79331


Ready Drill LLC
PO Box 7269
Abilene, TX 79608-4268


RK Supply
11400 West County Road 30
Midland, TX 79707


Sentry Crane Services
PO Box 566
Watford City, ND 58854


Slyder Energy Solutions
PO Box 467
Chandler, OK 74834


SnD Trucking & Roustabout
P.O. Box 11223
Midland, TX 79702


Spraberry Production Services
500 W Texas Ave, Ste.900
Midland, TX 79701

Superior Performance, Inc.
PO Box 1110
Broussard, LA 70518


Turbines Inc Odessa LLC
960 S. Meadow Avenue
Odessa, TX 79761


Ultra EnviroFlex
4702 N Bryant Blvd.
San Angelo, TX 76903


Valiant Financial Services
2720 Dundee Road
Suite 291
Northbrook, IL 60062


Varco Electric LLC
5319 Sierra Vista Drive
PO Box 956
Carlsbad, NM 88220


WB Supply
PO Box 206620
Dallas, TX 75320-6620


Weatherford US, LP


West Texas Dumpster
6100 Lake Forrest Dr Ste 505
Atlanta, GA 30328


Whitco Supply

Wilbanks Trucking Services LLC
11246 Lovington Hwy
Artesia, NM 88210


WW Tank Oklahoma LLC
PO Box 2399
Pampa, TX 79066

# United States Bankruptcy Court
## Northern District of Texas

In re __Elite Infrastructure, LLC_____

Debtor(s)

Case No. _____

Chapter __11_____

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __Elite Infrastructure, LLC__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Eric Benevides**
**1130 E Arapho**
**Suite 475**
**Richardson, TX 75081**

☐ None [*Check if applicable*]

**May  8, 2020**_____

Date

/s/ Eric A. Liepins_____

**Eric A. Liepins**

Signature of Attorney or Litigant

Counsel for __Elite Infrastructure, LLC__

**Eric A. Liepins**
**12770 Coit Road**
**Suite 1100**
**Dallas, TX 75251**
**972-991-5591 Fax:972-991-5788**
**eric@ealpc.com**

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| PATRICIA FITE, Plaintiff, and MARGARET ESTRADA, Intervenor-Plaintiff | LAGOON WATER LOGISTICS, LLC, and ELITE INFRASTRUCTURE, LLC |

**(b)**  County of Residence of First Listed Plaintiff ___Oklahoma___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ___Oklahoma___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Burrage
521 N Broadway Ave.
Oklahoma City, OK 73102

Attorneys *(If Known)*
John Griffin 324 N. Robinson, Suite 100, Oklahoma City, OK 73102
Todd Woolery 10th Fl. 2 Leadership Sq., Oklahoma City, OK 73102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1334(b) and 1452
Brief description of cause:
State court personal injury action related to a pending title 11 bankruptcy case.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
08/06/2020

SIGNATURE OF ATTORNEY OF RECORD
s/ John J. Griffin Jr.

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

| Print | Save As... | Reset |

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.   Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.   Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.