

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed September 4, 2020

**United States Bankruptcy Judge**

___

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | § Case No. 20-31384-11 |
| Elite Infrastructure, LLC, | § Chapter 11 |
| *Debtor.* | § Judge Harlin DeWayne Hale |

## AGREED ORDER
## GRANTING RELIEF FROM AUTOMATIC STAY AND RELATED RELIEF

This matter coming before the Court on the *Motion for Relief from the Automatic Stay to Pursue Claim in State Court* [Docket No. 28] (the "Motion") filed by Margaret Estrada, individually and as next of kin of Javier Barraza, Jr., deceased, and Patricia Fite, surviving spouse of Randall Fite, deceased ("Movants"); the Movants having conferred with counsel to party-in-interest Lagoon Water Logistics, LLC (together with its parent, subsidiaries, and affiliated entities, collectively, "Lagoon"); Lagoon having agreed to not contest the Motion subject to the agreements reflected in this Order; the Court having reviewed the Motion and having considered the statements of counsel

and/or the parties with respect to the Motion at a hearing (if any) before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; the Court finding the Debtor does not oppose the motion and no timely objection appearing on the docket; the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**THE COURT HEREBY ORDERS AND FINDS AS FOLLOWS**:

1. The Motion shall be and hereby is **GRANTED** as set forth herein.

2. The Court hereby modifies the automatic stay pursuant to Section 362(d) of the Bankruptcy Code[1] to permit Movants to proceed against Debtor Elite Infrastructure, LLC as a nominal defendant in state court Case No. CJ-2019-2376, Patricia Fite, Surviving Spouse of Randall Fite, Deceased, and Margaret Estrada, Individually and as Next of Kin of Javier Barraza, Jr., Deceased v. Lagoon Water Logistics, LLC and Elite Infrastructure LLC, in the District Court of Oklahoma County, Oklahoma (the "Fite Lawsuit")[2].

3. The Movants, Elite Infrastructure LLC, and Lagoon agree, and the Court hereby so orders, that the Movants will not seek to collect any judgment (including, without limitation, any monetary recovery or damages) (a) against Elite Infrastructure, LLC in any

---

[1] "Bankruptcy Code" refers to title 11 of the United States Code.

[2] The Fite Lawsuit has been removed to the United States Bankruptcy Court for the Western District of Oklahoma, but it is anticipated that the case will be remanded to state court by an agreed order of that court.

court or proceeding (including, without limitation, through any claim or proceeding in this bankruptcy case) that is in excess of the available coverage amounts of insurance policies where the Debtor is a named insured or is otherwise entitled to insurance coverage (if any) (such policies, the "Non-Lagoon Policies") on any causes of action that are raised or could have been raised in connection with, or are in any way related to, the Fite Lawsuit; (b) against Lagoon in any court or proceeding (including, without limitation, through any claim or proceeding in this bankruptcy case) on any causes of action that are raised or could have been raised in connection with, or are in any way related to, the Fite Lawsuit (i) prior to the Movants' commercially reasonable efforts to obtain recovery on such judgment from the proceeds of the Non-Lagoon Policies and (ii) except that, following the Movant's efforts to obtain recovery from the Non-Lagoon Policies, the Movants may recover any remaining judgment against Lagoon up to, but not in excess of, the face amounts of the Lagoon insurance policies as represented by Lagoon below, *provided, however*, nothing in this subsection (b) will require the Movants to engage in coverage litigation to obtain proceeds from the Non-Lagoon Policies; or (c) against Elite Infrastructure, LLC or Lagoon in any court or proceeding (including, without limitation, through any claim or proceeding in this bankruptcy case) that is prohibited by any applicable stay, injunction, or other law, court order, or agreement.

4. Notwithstanding anything in the Motion or this Order to the contrary, the Court modifies the stay only to the extent needed to permit the Movants to seek recovery for any claims or causes of action arising in, or are otherwise related to, the Fite Lawsuit as set forth herein.

5. Without making any findings as to the claims and defenses in the Fite Lawsuit or the availability of coverage under any insurance policies, and without waiver or

any effect whatsoever to any defenses to coverage under such policies or any of the parties' respective rights, claims, and defenses, and without limitation to any proceedings against any other applicable insurance policies, the Court expressly permits Movants to seek recovery from the proceeds of the following insurance policies (to the extent such coverage is available):

| Named Insured | Insurer | Policy Number | Face Amount |
|---|---|---|---|
| Elite Infrastructure, LLC | Scottsdale Insurance Company | ENS0002144 | $1,000,000.00 |
| Elite Infrastructure, LLC | Scottsdale Insurance Company | XNS0003007 | $5,000,000.00 |
| Jennings Energy Services, LLC / Elite Infrastructure, LLC | Berkley Oil & Gas | EGL0025617 | $6,000,000.00 |
| Lagoon Water Logistics, LLC | Granite State Insurance Company | 02-LX-012122457-2 | $1,000,000.00 |
| Lagoon Water Logistics, LLC | AIG | 29-UD-025006072-1 000 | $5,000,000.00 |

6.   The Court further orders that the 14-day stay provided under FED. R. BANKR. P. 4001(a)(3) does not apply to this Order.

# # # End of Order # # #

4

Respectfully Submitted,

**HUMPHREY LAW PLLC**

*/s/ Brian Humphrey*
Brian Humphrey
State Bar No. 24074456
Federal ID 2202829
700 Louisiana, Suite 3950
Houston, Texas 77002
brian@humphreylawpllc.com
Telephone: 713-364-2616
Facsimile: 832-827-3299

***Attorney for Movants Margaret Estrada and Patricia Fite***

**MCGUIREWOODS LLP**

*/s/ Thomas M. Farrell*

Thomas M. Farrell
State Bar No. 06839250
JPMorgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002
Telephone:   713.571.9191
Email: tfarrell@mcguirewoods.com

***Counsel for Lagoon***

**ERIC A. LIEPINS, P.C.**

*/s/   Eric A. Liepins*

12770 Coit Rd., Suite 1100
Dallas, TX 75251
Telephone: (972) 991-5591
Email: eric@ealpc.com

***Counsel for the Debtor***